# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**GREGORY LEE CHEST**                                                       **PLAINTIFF**

**v.**                                       **CIVIL ACTION NO. 3:13CV-293-S**

**LYNN RIPPY**                                                               **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff Gregory Lee Chest filed a *pro se* complaint. He filed an application to proceed without prepayment of fees, which has been granted. Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the complaint will be dismissed.

## I.

Plaintiff filed his complaint on a general-complaint form against Lynn Rippy. As grounds for filing this case in federal court, Plaintiff alleges, "Patent Infringement law Violation of Unjust EnRichment 6.02 D Unjust EnRichment." He alleges that the "Infringers Conduct was Direct & Purposeful" and that "The Infringer" obtained his "Plans and Ideas on Paper and Place[d] Them Into Action By Illegal Inappropriate means." He asks that "all Idea/Plan Rights [be] Restored to [him] as Inventor/Owner/and/Originator."

As to the first instance of alleged infringement, Plaintiff reports that years ago he was an inmate at the "now closed River City Jefferson County Department of Corrections work release center." He states that he was on work release and that, by contract, he was required to return at a certain time or else he would be charged with escape and his property would be destroyed. Plaintiff reports that when he returned late to the facility on a particular occasion, he was

charged with escape and was told that his property "had already been taken." He states, "Repeatedly I asked For my Property, But Received No Answer." He continues:

> Later In The Same year Department of Corrections Director Joe Payne Came To River City To meet with River City Work Release and Job Search Inmates. I Gregory Lee Chest was at Recreation when I Heard Corrections Department Head Joe Payne Talking To Inmates Concerning Houses was going To be built and The Construction Company Building The Houses was going To be useing River City Corrections Work Release Inmates who Signed Into A Rehabilitation Program. I told Joe Payne That Those plans He addressed To The Inmates was My Ideas I Had originated In Jail and my Property was pureposefully Taken (confiscated) at River City.

With respect to the second instance of alleged infringement, Plaintiff alleges that he was released from jail in May 2004 and began living on the streets. He reports that in April 2004, on his way to a teeth-cleaning appointment, "I . . . placed [] my Black Back Pack Into The Bushes at [] old Louisville Medical College . . . Aiming to Return and Regather my Property." Later that day before he could get back to his property, he was arrested and taken to jail. He, therefore, had to leave in the bushes his black bag containing "My Adult Retraining Program With The Layout Outlined on Paper Illistrating The Steps For the Program [] Joined To By The Recycling Aluminum and Plastic Section To Help Profide Economic Financial Input To Help Finance and Stablize needed Funding Into the Adult Retraining Program Helping to Aid Trainees with clothing and Housing." Plaintiff claims that his outline "Is Now The Same Outline For Youth Build Green Campus Part of the National Initiative Youth Build Louisville."

As relief, Plaintiff requests that (1) "Patent Idea Rights For Youth Build Louisville be instated to Nameing E.g. I Gregory Lee Chest as The Inventor + Originator"; (2) "In Future News Paper Articles or Television News I Gregory Lee Chest Be Named as Inventor + Originator of Youth Build Plans"; (3) "I Gregory Lee Chest Have the Ownership and Authority

2

To Use the Formula Make Up Ideas For My Future Adult ReHabilitation Center"; and (4) "In Future School Plans, That lynn Rippy or Youth Build Nationally Disolv all Idea Plans For Useage Belonging To I Gregory Lee Chest."

**II.**

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

#### A. Federal Claim

Plaintiff alleges a patent infringement claim. To state a claim upon which relief may be granted, "a party alleging direct infringement need only comply with Form 18 [of the Appendix of Forms to the Federal Rules of Civil Procedure]." *Cronos Techs., LLC v. Camping World Inc.*, No. 1:12–CV–147–R, 2013 WL 3936899, at *2 (W.D. Ky. July 30, 2013) (citing *K–Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013) (noting that "to the extent any conflict exists between *Twombly* (and its progeny) and the Forms regarding pleading requirements, the Forms control") and *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1333-36 (Fed. Cir. 2012) (same)). Form 18 requires:

(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by making, selling, and using [the device] embodying the patent; (4) a statement that the plaintiff has given the defendant notice of the infringement; and (5) a demand for an injunction and damages.

*Cronos Techs., LLC*, 2013 WL 3936899, at *3 (quoting *In re Bill of Lading*, 681 F.3d at 1334) (internal quotation marks omitted). "To comply under Form 18, a complaint for direct patent infringement must identify the type of product with enough detail to give the defendant notice as to which product it must defend." *Id.*

In the present case, Plaintiff does not allege ownership of a patent. He alleges only that his ideas/plans[1] were taken by others. He additionally fails to allege having given notice to Defendant Rippy of the infringement. In fact, he fails to allege any facts involving Defendant Rippy. He only names her as Defendant and lists her in the relief section of the complaint form. Plaintiff wholly fails to "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Court, therefore, will dismiss the patent infringement claim due to Plaintiff's failure to plead facts sufficient to state a claim upon which relief may be granted.

### B. State-Law Claim

Plaintiff's claim of unjust enrichment is a state-law claim.

Under 28 U.S.C. § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the Court will dismiss the federal patent

---

[1] It is questionable whether Plaintiff's ideas/plans are patentable, *see* 35 U.S.C. § 101, but the Court need not decide that issue here.

infringement claim over which it has original jurisdiction, it will decline to exercise supplemental jurisdiction over the state-law claim and dismiss it without prejudice. *See Runkle v. Fleming*, 435 F. App'x 483, 486 (6th Cir. 2011) ("[W]hen, as here, 'all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims.'") (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)).

Additionally, diversity jurisdiction under 28 U.S.C. § 1332 does not exist because Plaintiff alleges neither the requisite amount in controversy, *see* § 1332(a) (providing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"), nor that he and Defendant are diverse in citizenship. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.").

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: August 26, 2013

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendant
4411.005